UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEAN-LOUIS ALCIUS & PERICO ALCIUS**<br><br>**versus**<br><br>**THEUS AUDILOU & CENTRAL SHORES, LLC** | **CIVIL ACTION NUMBER: 6:21-cv-03428**<br><br>**SECTION:**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

## COMPLAINT

**NOW COME**, through undersigned counsel, Plaintiffs, Jean-Louis Alcius and Perico Alcius present this Complaint on the following grounds:

### JURISDICTION & PARTIES

1. This Complaint is within the diversity jurisdiction of the United States, and is made pursuant to 28 U.S.C § 1332. This Complaint arises out of a contract (in excess of $75,000) to purchase a vessel, an offshore supply vessel represented to be located in or about May of 2021 at LD Marine, 1224 Lake Palourde Rd., Morgan City, LA 70380 and within the jurisdiction of this Court.

2. Plaintiffs, Jean-Louis Alcius (hereinafter "Mrs. Alcius") and Perico Alcius (hereinafter "Mr. Alcius"), are citizens of Haiti.

3. Defendant, Theus Audilou, based upon information and belief, is a person of full age and majority and a resident of the State of Florida.

4. Defendant, Central Shores, LLC, is a Florida limited liability entity, who based upon

information and belief, is or has done business in the State of Louisiana, Parish of St. Mary.

## VENUE

5. The United States District Court for the Western District of Louisiana is the federal judicial district encompassing the Parish of St. Mary, State of Louisiana, where both some of acts forming the basis of this Complaint have occurred and is physical location of the vessel central to this dispute, the offshore supply vessel M/V Ampol Recovery, Official Number 500892 (hereinafter "M/V Recovery").

## FACTUAL ALLEGATIONS

6. Beginning on or about October 8, 2020, Mr. Alcius & Mrs. Alcius embarked on a contractual relationship with Mr. Audilou whereby Mr. Audilou agreed to sell Plaintiffs an offshore supply vessel powered by Caterpillar 353 engines.

7. Plaintiffs communicated with Mr. Audilou, through cell phone conversations and WhatsApp conversations and were sent pictures and specifications purported to be M/V Recovery. Importantly, Mr. Audilou presented various pdf pictures of specifications sheets and pictures represented to be for the M/V Recovery.  In those pdf pictures, Plaintiffs understood the M/V Recovery to be powered by Caterpillar 353 engines, which were an important and required element of the Plaintiffs' agreement to purchase the vessel.

8. Based upon information and belief and unknown to the Plaintiffs in October of 2020, the specifications that Mr. Audilou represented to Plaintiffs were actually the specifications of another vessel, which was later sold by Mr. Audilou to a third party.

9. Plaintiffs would not have agreed to purchase the M/V Recovery without the Catepillar

engines represented by Mr. Aldilou to power the M/V Recovery.

10. Plaintiffs and Mr. Audilou agreed on or about October 8, 2020 to purchase the M/V Recovery for a purchase price of $85,000.00.  Additionally, Plaintiffs and Mr. Audilou agreed that Mr. Audilou would delivery of the M/V Recovery to Haiti for an additional fee of $15,000.00 and a $4,000 interest charge.   Plaintiffs and Mr. Audilou agreed that Plaintiff's would pay $70,000.00 of the purchase price immediately, with the remaining $34,000 balance to be paid upon delivery of the M/V Recovery to Port of Cap Haitian, Haiti. The M/V Recovery was to be delivered in operable, seaworthy condition. Plaintiffs and Mr. Audilou negotiated these terms orally by cell-phone communication and via WhatsApp messages.

11. On October 10, 2020, Mrs. Alcius wired $10,000 to Mr. Audilou.  On October 16, 2020, Mrs. Alcuis wired $30,000 to Mr. Audilou. On October 24, 2020, Mrs. Alcius wired $30,000 to Mr. Audilou for a total of $70,000, all in accordance with the parties' agreement.

12. Based upon information and belief, on October 26, 2020, Mr. Audilou utilized $60,000.00 of Plaintiffs' $70,000.00 in wired funds to purchase the vessel M/V Recovery from American Pollution Control Corporation.  American Pollution Control Corporation conveyed the M/V Recovery to Central Shores, LLC at the direction of Mr. Audilou.

13. Plaintiffs waited for the delivery of the M/V Recovery for the months of November, 2020, December, 2020 and January, 2021. Contrary to the parties' agreement, Mr. Audilou did not deliver the veseel as agreed, but instead demanded payment of an additional $47,000.00 be paid before delivery would be made.  Plaintiffs refused to pay Mr. Audilou additional sums.

14. In or about early February, 2021, Mr. Audilou distributed to Plaintiffs a purchase agreement between Mr. Alcuis and Central Shores, LLC (appearing as owner of the M/V Recovery) and signed by Mr. Audilou on behalf of Central Shores, LLC. The purchase agreement did not represent the terms previously agreed to by the parties. For example, the unsigned purchase agreement erroneously and falsely treated the $70,000 previously paid to defendant as a non-refundable deposit, increased the purchase price from $85,000 to $117,034.00, and contained various terms not agreed to by Plaintiffs.

15. Plaintiffs refused to sign Defendants' purchase agreement while pressing Defendants to deliver the M/V Recovery to Haiti as previously agreed. Mr. Audilou failed to deliver the M/V Recovery to Haiti as promised.

16. In or about May of 2021, Mrs. Alcius traveled from Haiti to Louisiana to meet with Mr. Audilou in St. Mary Parish and visit the vessel they had purchased from Defendants. The parties met in St. Mary Parish and Mr. Audilou refused to allow Mrs. Alcius to board the M/V Recovery unless he was paid an additional $14,500 that Mr. Audilou represented was necessary to pay LD Marine, LLC, the shipyard where work had been performed on the M/V Recovery and where the vessel was berthed.

17. On May 27, 2021 Plaintiffs paid Mr. Audilou the additional $14,500 so that the vessel could be viewed. Plaintiffs were then able to board the M/V Recovery and inspect the vessel at the LD Marine shipyard in St. Mary Parish. Mrs. Alcius observed a generally worn-out vessel whose operability and seaworthy were questionable, and to her surprise, the M/V Recovery was not powered by Catepillar 353 engines that were represented to have been aboard the vessel.

18. With the M/V Recovery actual condition and engines not being what was represented

by Mr. Aldilou, in July, 2021 Plaintiffs demanded a refund of $84,500 paid to Mr. Audilou, but defendants have refused.

### First Claim for Relief: Louisiana Unfair Trade Practices Act

19. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1-18, inclusive, above.

20. Louisiana Revised Statute §51:1409(A) reads in pertinent part:

"Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by LA R.S. §51:1405, may bring an action individually but not in a representative capacity to recover actual damages".

21. Defendants knew or should have known that they M/V Recovery was not powered by caterpillar engines yet represented to Plaintiffs the vessel was powered by caterpillar engines.

22. Defendants after having received $70,000 from Plaintiffs, purposefully and for unfair and deceptive reasons, attempted to recharacterize those funds as a non-refundable deposit in or about February of 2021.

23. Defendants, for unfair and deceptive purposes, induced Plaintiffs to make an additional $14,500 payment to Mr. Audilou in order to board and inspect the M/V Recovery.

24. Defendants, for unfair and deceptive purposes, have refused to refund Plaintiffs the $84,500 already received.

25. Other acts unfair acts of deception as will be proven at trial.

26. Plaintiffs suffered an ascertainable loss of their money as a result of Defendants'

unfair and deceptive practices. Consequently, Defendants are liable unto Plaintiffs for all allowable damages pursuant to the Louisiana Unfair Trade Practices Act and LA R.S. § 51:1409, including but not limited to reasonable attorney's fees.

### Second Claim of Relief: Breach of Contract

27. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1-18, inclusive, above.

28. Louisiana Civil Code Article 1994 renders an obligor liable for a failure to perform a contract. Said obligor is liable for such damages caused by his failure to perform a conventional obligation. Such failure to perform may result from nonperformance, defective performance, or delayed performance.

29. In order to prevail on a breach of contract claim, a plaintiff must prove 1) defendant owed him an obligation, 2) defendant failed to perform the obligation, and 3) defendant's failure to perform the obligation resulted in damage to plaintiff.

30. Defendants owe Plaintiffs an obligation to deliver the vessel Plaintiffs' contracted to purchase, but have steadfastly refused to perform that obligation thus breaching the obligation and such breaches have caused the Plaintiffs damages.

### Third Claim for Relief: Recission of Contract/Unjust Enrichment

31. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1-18, inclusive, above.

32. Plaintiffs never intended to purchase M/V Recovery without the caterpillar engines represented by Defendants to have powered the vessel and Defendants never intended to sell the M/V Recovery at the $85,000 purchase price. The absence of an agreed price for the vessel and the impossibility of purchasing the vessel powered by caterpillar engines

resulted in the absence of a valid contract. Plaintiffs are entitled to contract recission and damages for Defendants' unjust enrichment.

33. Failure to deliver a vessel as specified is a failure of cause of any agreement the Plaintiffs entered into with Defendants.

### Alternative Fourth Claim for Relief: Negligence

34. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1-18, inclusive, above.

35. There are four elements that a plaintiff must prove to establish negligence in Louisiana: 1) Duty, 2) Breach, 3) Causation, and 4) Damages.

36. Defendants owed a duty of reasonable care to Plaintiffs upon accepting $84,500.00 to either deliver the vessel as agreed or return the entirety of the moneys already tendered. Defendants breached that duty by failing to deliver the vessel as promised or returning the moneys to the Plaintiffs. Such a breach is both the legal and factual cause of Plaintiffs' damages.

### PRAYER FOR JUDGMENT

WHEREFORE, Plaintiffs' pray:

    (1) That Defendants be served with a copy of this Complaint, and duly cited to appear and answer within the time prescribed by law;

    (2) That there be judgment in favor of Plaintiffs, Jean-Louis Alcius and Perico Alcius, and against Defendants, Theus Audilou and Central Shores, LLC, for Plaintiffs' Louisiana Unfair Trade Practice claims;

    (3) That there be judgment in favor of Plaintiffs, Jean-Louis Alcius and Perico Alcius, and against Defendants, Theus Audilou and Central Shores, LLC, for

Plaintiffs' Breach of Contract claims;

(4) That there be judgment in favor of Plaintiffs, Jean-Louis Alcius and Perico Alcius, and against Defendants, Theus Audilou and Central Shores, LLC, for Plaintiffs' Recission of Contract/Unjust Enrichment claims;

(5) Alternatively, that there be judgment in favor of Plaintiffs, Jean-Louis Alcius and Perico Alcius, and against Defendants, Theus Audilou and Central Shores, LLC, for Plaintiffs' Negligence claims;

(6) That after due proceedings had, there be judgment herein in favor of Plaintiff, Jean-Louis Alcius and Perico Alcius, and against Defendants, Theus Audilou and Central Shores, LLC, for all damages allowable by law, together with interest as provided by law, reasonable attorney's fees, and all costs of these proceedings; &

(7) Such further equitable and other relief as may be deemed appropriate.

Respectfully Submitted,

**Leefe Gibbs Sullivan & Dupré**

 /s/ Michael R. Gelder
Michael R. Gelder, No. 30210 (TA)
Suite 1470
3900 No. Causeway Blvd.
Metairie, La. 70002
Telephone:  (504) 830-3939
Facsimile:  (504) 830-3998
E-mail: mrgelder@leefegibbs.com

*Attorney for Jean-Louis Alcius and Perico Alcius*